DUDLEY ET AL. *v.* STATE OF INDIANA

[No. 27,447.   Filed January 9, 1941.   Rehearing denied January 27, 1941.]

*Harry E. Roberts,* and *Browne, Campbell & Gemill,* all of Marion, for appellants.

*Samuel D. Jackson,* Attorney General, and *Thomas Longfellow,* Deputy Attorney General, for the State.

FANSLER, J.—The appellants were convicted of receiving stolen goods.

Error is predicated upon the overruling of a motion to discharge the defendants and the overruling of a motion for a new trial.

The defendants were admitted to bail before the trial. They were not in court when the verdict was received. The appellants assert that, by receiving the verdict in their absence, the court prevented them from having an opportunity to poll the jury. It is conceded that if the defendants were voluntarily absent from the courtroom when the verdict was received they have no cause for complaint. They contend, however, that their absence was involuntary. The facts brought into the record by bills of exception are disclosed by the affidavits of the defendants supporting their motions and counter affidavits of the prosecuting attorney.

It appears from the defendants' affidavits that, owing to the fact that the regular jury room had been destroyed by fire, the court, after the jury had been instructed, permitted it to remain in the regular courtroom for its deliberations; and ordered the defendants, witnesses, bystanders, and others to leave the courtroom and the hall adjoining during the time the jury was deliberating; that while the jury was deliberating the defendants each notified the bailiff that they would be at the Spencer Hotel, a short distance from the courthouse, and that they "would be available upon call to return to said regular court room in case the jury should agree upon a verdict"; that they were not notified of the jury having returned a verdict in the middle of the night; that the court received the verdict in their absence, and that they had no opportunity to poll the jury; that they and their counsel were avail-

able to be called, and could, and would, have been present in court if they had been notified, and would have demanded a poll of the jury. It is noted that the affidavits do not state that the defendants asked the bailiff to call them when a verdict was reached.

In the affidavits of the prosecuting attorney it appears that at the time of the trial the defendants were not in the custody of the sheriff, but were at liberty on bond; that both defendants were present in court during the trial, and were represented by two practicing attorneys; that after the jury was instructed the court informed the defendants and attorneys in open court that it would be necessary for the jury to use the courtroom for their deliberations; that all persons must remain out of the courtroom and the hall adjacent thereto, but that the circuit courtroom, on the same floor, would be available to all of the parties or any one who cared to wait until the jury had reached a verdict; that during the time the jury was deliberating the circuit courtroom was kept open, lighted, and heated, and available to the defendants and their attorneys; that neither the defendants nor their attorneys used the circuit courtroom, but that both of the defendants voluntarily left the courthouse; that if they had been in the circuit courtroom they would have been notified when the verdict was reached, and could have been present in court when the verdict was returned; that the defendants at no time notified the court that they wanted to be called when a verdict was reached; "that said defendants and both of them inquired of the bailiff about 9:30 P. M. on April 17th and after the Jury had retired to deliberate and before said verdict was returned if it was necessary that they be present in open Court at the time the verdict was

returned and received by the Judge, and were informed by the bailiff that since they were on bond the verdict could be received by the Court while they were not present; that thereafter said defendants indicated to the bailiff that they might go to Muncie and would not be present when the verdict was returned."

Upon the facts disclosed by these affidavits, the trial court overruled the motions.

The court's announcement that a room had been provided where the parties might await the return of a verdict was a sufficient indication that the verdict of the jury would be received when it was ready, and that it was not contemplated that court should be adjourned to some later time for the purpose of receiving a verdict. The defendants seemed to recognize this fact, since it is not disputed that they asked the bailiff whether it was necessary for them to remain until the verdict was received. They do not contend that they asked the bailiff to call them when the verdict was received, and, by the affidavits of the prosecuting attorney, the court was advised that they had indicated to the bailiff that they did not desire to be notified. This is not disputed. These facts are sufficient to support the conclusion that the defendants' absence was voluntary.

Judgment affirmed.

NOTE.—Reported in 30 N. E. (2d) 718.